## STATE OF CONNECTICUT *v.* ROY E. CLINE
## (14453)

Landau, Heiman and Hennessy, Js.

Argued April 24—officially released June 18, 1996

*Stephen F. Cashman,* for the appellant (defendant).

*Robert J. Scheinblum,* deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Edward Wilson,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction, rendered after a conditional plea of nolo contendere[1] and a subsequent finding of guilty,

---

[1] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure, motion to suppress statements and evidence based on the involuntariness of a statement or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss.

of possession of narcotics in violation of General Statutes § 21a-279.[2] We affirm the judgment of the trial court.

The defendant asserts that the trial court improperly denied his motion to suppress certain narcotics, United States currency, and a telephone paging device seized from him incident to his arrest. The defendant argues that the police lacked probable cause to arrest him and, therefore, that the items he sought to suppress were not seized pursuant to a lawful arrest.

We conclude that this case is controlled by the decision of our Supreme Court in *State* v. *Velez*, 215 Conn. 667, 577 A.2d 1043 (1990).

The judgment is affirmed.

A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[2] General Statutes § 21a-279 provides in pertinent part: "(a) Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than fifty thousand dollars, or be both fined and imprisoned . . . ."